## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEBRASKA

In re: **FAROUK GHANIM HORANI** Case # **05-85151**

Debtor Chapter **13**

# APPLICATION AND AFFIDAVIT FOR REIMBURSEMENT OF UNCLAIMED DIVIDEND

**JM Partners LLC ("Applicant" or "Petitioner")**, as Assignee of **Old Canal Financial Corporation** (the original creditor in this matter, and the "**Assignor**"), being duly sworn, deposes and says: That he is a claimant of the above-named debtor. That the above-named debtor was adjudged a debtor in the United States Bankruptcy Court for the District of Nebraska. That said claimant duly filed his claim, which was thereafter duly allowed. Dividends amounting to the sum of **$4008.06,** due this claimant remain unpaid and are being held in the Registry of the Court.

That the said claim has not been sold or assigned and that it is the property of the deponent.

It is therefore requested that the Clerk of the U.S. Bankruptcy Court be directed to pay funds being held in the Registry of the Court to the claimant at the address listed below.

John J. Marshall / Managing Member

***Notary Public:*** Sworn and Subscribed to before me this 6th day of May, 2011.

State of **Virginia** – County of **Henrico**

SEAL Nancy A Lang
Notary Public

My Commission Expires: 9/30/2013

NANCY A. LANG
Notary Public
Commonwealth of Virginia
356054
My Commission Expires Sep 30, 2013

***Claimant's Name, Address, etc:***

JM Partners LLC, Assignee
ATTN: John J. Marshall
12201 Gayton Road Ste 220
Richmond, VA 23238-8203
FIN # 76-0726906
Phone #804-740-2972

**CERTIFICATE OF SERVICE: The original application along with all supporting documentation was mailed to the US Bankruptcy Court, and a full, complete and true copy of the application and all supporting documentation was mailed to the US Attorney, ATTN: Laurie Barrett, 1620 Dodge Street #1400, Omaha, NE 68102-1506.**

**Mailed as indicated by:** **John J. Marshall** **Date** 5/6/11

**JM Partners LLC**
**PO Box 29940**
**Richmond, VA 23242-0940**

Phone 804-740-2972
Fax 804-740-2973

Email: jmarshall@jmpartnersllc.com

# MEMO

| To: | US Bankruptcy Court<br>ATTN: Clerk / Financial Section<br>111 So 18th Plaza Ste 1125<br>Omaha, NE 68102-1321 | From: | John Marshall |
|---|---|---|---|
| cc: | US Attorney District of Nebraska<br>ATTN: Laurie Barrett<br>1620 Dodge Street #1400<br>Omaha, NE 68102-1506 | | |
| RE: | Dormant Funds Recovery<br>USBC Case # 05-85151 HORANI | Date: | May 6, 2011 |

Gentlemen –

Please find enclosed herewith the following:

1) Application for the release of unclaimed funds,

2) Required supporting documents for the application,

I have served a copy on the US Attorney this same date, as noted.

On behalf of our firm – and our client – we thank you for your assistance – and if you have any questions please direct them to me by email (preferred), phone, fax, or regular mail, all as listed above.

p.s. I genuinely hate to have submitted such a thick package on this, as I know it will be burdensome on you to review it all. However, as you will note, the original creditor entity has itself filed bankruptcy, and there is a liquidating trustee handling the recovery of their final assets, and based on similar situations around the country it seemed that it was best/necessary to provide all information so as to prove we have the right original creditor, thru its proper successors, and that the party representing the successor was authorized to do so, etc. etc. I simply could not figure out what not to include, thus I have made it as complete as possible, albeit at the risk of some redundancy, for which I apologize.

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

***INDEX TO ENCLOSURES***

**Evidence of Funds Deposit by Trustee** 1

**Complete Assignment Package** 2

**Affidavit of John J. Marshall / Managing Member of JM Partners LLC** 3

## Unclaimed Funds Recovery

**HOLDER: USBC Nebraska**
**CASE # 05-85151 Horani**
**CLAIMANT: JM Partners LLC, Assignee**

## Brief History Statement & Recap of Supporting Evidence:

***Old Canal Financial Corporation*** was the original creditor ("Creditor") in this case. Creditor filed for bankruptcy protection after filing the claim in this case, its address changed accordingly – but the Trustee for Creditor neglected to update same with the Court or Trustee, leading to the unclaimed funds.

JM Partners LLC ("Claimant") – who acts both as a Funds Recovery Agent and a Bankruptcy Claim Purchaser / Investor – located the Trustee, disclosed the full details of the account, and sought an engagement to either recover the funds as Agent, or simply to purchase an Assignment of the account. Sarsenstone Corporation – acting as the Master Pool Trustee and Liquidation Agent for Creditor – subsequently decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, JM Partners LLC makes this application as the Assignee and Owner of the funds in question.

**Prepared & Submitted by:**

**JM Partners LLC**
**PO Box 29940**
**Richmond, VA 23242-0940**
**Phone 804-740-2972**
**jmp.financial@verizon.net**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEBRASKA

---

In re: **FAROUK GHANIM HORANI** Case # **05-85151**

Debtor Chapter **13**

---

## AFFIDAVIT AND IDENTIFICATION OF CLAIMANT/ASSIGNEE

I, **John J. Marshall, acting in my capacity as Managing Member of JM Partners LLC (hereinafter "Assignee" or "Claimant")**, declare as follows:

1) **Assignee** has been granted an Assignment of that certain Unclaimed Funds account by **Sarsenstone Corporation, Master Pool Trustee and Liquidation Agent of the Estate of Old Canal Financial Corporation,** the original Creditor in this matter, and the "Assignor" with respect to the unclaimed funds (hereinafter "Assignor" or "Client"). This transaction was undertaken at the Assignor's request – after having been supplied full disclosure of the amount of the Unclaimed Funds account to which they were entitled, and being given the option of having us either assist with a recovery filing, or purchasing the account. My name, ID and contract info is:

Phone: 804-740-2972 Fax: 804-740-2973

**JM Partners LLC**

*Consulting - Investments*

**John J. Marshall**
**Managing Member**

*jmp.consulting@verizon.net*

12201 Gayton Road, Suite 220
Richmond, VA 23238-8203

2) I have made all efforts required to know to the best of my knowledge that Claimant is legally entitled to the funds in full, without offset, limitation or impairment of any kind – and that previous to the Assignment there was no other party who had been engaged to assist with the recovery of same. I am familiar with the state law requirements for acting in the capacity of a personal representative (or attorney-in-fact), as well as the law pertaining to Assignments of accounts, claims and rights. Once you approve the Application please direct the payment as noted on the Application, and if you have any questions or need further information, please direct all such inquires to my attention at:

**JM Partners LLC**
**PO Box 29940**
**Richmond, VA 23242-0940**

**804-740-2972**
**804-740-2973 FAX**
**jmp.financial@verizon.net**

I hereby certify under the pains and penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief. Respectfully submitted this 6 day of May, 2011

**John J. Marshall / Managing Member**
**FOR: JM Partners LLC, Assignee**

## Unclaimed Registry Fund Ledgers - Funds held in 6047BK

| Date | Case Number | Debtor | Claimant, Last Name | Claimant, First | Received |
|---|---|---|---|---|---|
| 02/01/11 | 06-81814 | Gabriel, Chad | Gabriel | Chad | $159.10 |
| 02/01/11 | 06-81893 | Jarvis, Nadine | Premium Asset Recovery | | $758.60 |
| 02/01/11 | 07-40371 | Carlson, Randall & Rebecca | Carlson | Randall & Rebecca | $6.20 |
| 02/01/11 | 07-41363 | Nerison, Gary Jr & Jessica | Lange, Rick or | Debtors | $10.00 |
| 02/01/11 | 07-81800 | Kemmerle, Joyce | Kemmerle | | $0.30 |
| 02/01/11 | 08-82172 | Sertterh, Aaron & Briana | Badami, Joe or | Debtors | $10.00 |
| 02/01/11 | 09-43033 | Highfield, Daniel | Lange, Rick or | Debtor | $10.01 |
| 02/08/11 | 08-80066 | Campbell, Martin & Luann | TierOne Bank | | $1,989.23 |
| 02/08/11 | 08-80066 | Campbell, Martin & Luann | Metropolitan Utilities District | | $0.94 |
| 02/08/11 | 08-80066 | Campbell, Martin & Luann | Nebraska Dept of Revenue | | $2.56 |
| 02/17/11 | 10-42324 | Dick, William & Jennifer | Chase Bank USA NA | | $0.46 |
| 02/17/11 | 10-42324 | Dick, William & Jennifer | Fia Card Services NA | Bank of America... | $1.47 |
| 02/17/11 | 05-43602 | Blahauvietz, Scott & Kristin | Womens Clinic of Lincoln | | $0.95 |
| 02/17/11 | 05-45082 | Sturman, John & Cynthia | Sturman | John & Cynthia | $0.11 |
| 02/17/11 | 05-82743 | Gomeringer, Kenneth & | US Bankruptcy Court Clerk, Nashville, TN | | $2.17 |
| 02/17/11 | 05-83073 | Traver, Jamie | Quik Payday | | $38.58 |
| 02/17/11 | 05-85151 | Horani, Forouk | OCF | | $4,008.06 ✓ |
| 02/17/11 | 05-85492 | Matulka, Robert & Diane | Matulka | Robert & Diane | $0.08 |
| 02/17/11 | 06-80046 | Bourque, Christopher | Bourque | Christopher | $24.00 |
| 02/17/11 | 06-81469 | Nice, Richard & Antonia | Myers Richard or | Debtors | $650.00 |
| 02/17/11 | 07-40731 | Hopkins, Wade & Sandra | Badami, Joe or | Debtors | $17.78 |
| 02/17/11 | 07-42378 | Thieman, Gerald Jr & | Columbine Chiropractic | | $0.86 |
| 02/17/11 | 07-82556 | Anderson, David | Option One Mortgage Corp | | $3.95 |
| 02/17/11 | 07-82556 | Anderson, David | Option One Mortgage Corp | | $218.23 |
| 02/17/11 | 07-82556 | Anderson, David | Option One Mortgage Corp | | $92.15 |
| 02/17/11 | 07-82556 | Anderson, David | Option One Mortgage Corp | | $9.33 |
| 02/17/11 | 08-82137 | Wold, Matthew | Stalnaker, Thomas or | Debtor | $10.00 |
| 02/17/11 | 09-80720 | Healy, Robert & Christine | Myers, Richard or | Debtors | $42.50 |
| 02/17/11 | 09-82467 | Meloccaro, Jody & Kathleen | Myers, Richard or | Debtors | $2,883.09 |
| 02/17/11 | 10-81022 | Christensen, Wanda | Myers, Richard or | Debtor | $34.00 |
| 02/22/11 | 09-40069 | Loghry, Carl J | Service Master | | $14.95 |
| 02/28/11 | 10-41529 | Krueger, Edward Sr | American Express Centurion Bank | | $1.42 |
| 03/08/11 | 08-81287 | Andrews, Michael & Robin | Lee Coe Contractors | | $44.39 |
| 03/08/11 | 09-81100 | Olson, Bernard & Pauline | HSBC Bank Nevada NA | Bass & Associates PC | $4.97 |
| 03/08/11 | 10-43610 | Commercial Drywall Systems | Unknown | | $5.69 |
| 03/17/11 | 07-42287 | Adams, Roy Allen | Moser | Frances J | $913.43 |
| 03/17/11 | 09-40069 | Loghry, Carl J | Chadron Glass & Windows | | $42.93 |
| 03/29/11 | 05-44914 | Johnston, Robert & Sheila | Johnston | Robert & Sheila | $118.00 |
| 03/29/11 | 05-45993 | Jacobe, Robert & Sandi | Jacobe | Robert & Sandi | $133.00 |

**United States Bankruptcy Court**
**District of Nebraska (Omaha)**

# PROOF OF CLAIM

FILED
06 FEB -6 PM 1:14
UNITED STATES BANKRUPTCY CLERK FOR THE DISTRICT OF NEBRASKA OMAHA

In re (Name of Debtor)
**Farouk Horani**

Case Number
**05-85151**

Note: This form should not be use to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property)
**Old Canal Financial**

Name and Address Where Notices Should be Sent
**O. C. F.**
**P.O. Box 29890**
**Anaheim, CA 92809**

Telephone No. **(866) 352-1823**

THIS SPACE IS FOR COURT USE CONLY

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFES DEBTOR:
**A650002191**

**This claim Amends a previously filed claim, dated: N/A**

1. BASIS FOR CLAIM **Money loaned-ADVANTA CREDIT CARD**

2. DATE DEBT WAS INCURRED 04/10/2001

3. IF COURT JUDGEMENT, DATE OBTAINED

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured Nonpriority, (2) Secured Priority, (3) Secured. It is possible for part of a claim to be in one category and part of another.
CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

SECURED CLAIM **$0.00**

Attach evidence of perfection of security interest
Brief Description of Collateral:
**Real Property: NA**

Amount of arrearage and other charges at time case filed included in secured claim above, if any **$0.00**

X UNSECURED NONPRIORITY CLAIM **$18,143.55**

A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or tot eh extent that the value of such property is less than the amount of the claim.

UNSECURED PRIORITY CLAIM

Specify the priority of the claim

Wages, salaries, or commissions (up to $2000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C § 507(a)(3)

Contributions to an employee benefit plan - 11 U.S.C § 507(a)(4)

Up to $99 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C § 507(a)(6)

Taxes or penalties or government units – 11 U.S.C § 507(a)(7)

Other – Specify applicable paragraph of 11 U.S.C § 507(a)_____

5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:

| $18,143.55 | $0.00 | 0.00 | $18,143.55 |
|---|---|---|---|
| (UNSECURED) | (SECURED) | (PRIORITY) | (TOTAL) |

Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges

6. CREDIT AND SETOFFS: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

**THIS SPACE IS FOR** COURT USE ONLY

7. SUPPORTING DOCUMENTS: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME STAMPED COPY: To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

Date **1/31/2006**

Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)

**Natashia Dingle, Bankruptcy Facilitator**

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

## Unclaimed Funds Recovery

**HOLDER: USBC Nebraska**
**CASE # 05-85151 Horani**
**CLAIMANT: JM Partners LLC, Assignee**

## Brief History Statement & Recap of Supporting Evidence:

***Old Canal Financial Corporation*** was the original creditor ("Creditor") in this case. Creditor filed for bankruptcy protection after filing the claim in this case, its address changed accordingly – but the Trustee for Creditor neglected to update same with the Court or Trustee, leading to the unclaimed funds.

JM Partners LLC ("Claimant") – who acts both as a Funds Recovery Agent and a Bankruptcy Claim Purchaser / Investor – located the Trustee, disclosed the full details of the account, and sought an engagement to either recover the funds as Agent, or simply to purchase an Assignment of the account. Sarsenstone Corporation – acting as the Master Pool Trustee and Liquidation Agent for Creditor – subsequently decided to sell and assign their interest in the account and underlying claim to the Claimant, and the transaction has been completed accordingly. Proper evidence of all these facts is included herewith. Thus, JM Partners LLC makes this application as the Assignee and Owner of the funds in question.

**Prepared & Submitted by:**

**JM Partners LLC**
**PO Box 29940**
**Richmond, VA 23242-0940**
**Phone 804-740-2972**
**jmp.financial@verizon.net**

*INDEX TO ENCLOSURES*

**Purchase & Assignment of Interest** 1

**Bill of Sale** 2

**Affidavit of Assignor** 3

**Photo ID** 4

**Evidence Items as Required, including** 5

**Exhibit A) Evidence of Sarsenstone Corp being the legal successor to Old Canal** 6

**Exhibit B) Evidence of Stewart William's position and authority with Assignor** 7

**Exhibit C) Evidence linking Old Canal to address on unclaimed funds remittance, as well as to the Debtor in this case** 8

9

10

11

12

13

14

15

**PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST**

This **PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST** (hereinafter "Agreement") is made and entered into as of **May 2, 2011** by and between **Sarsenstone Corporation, Master Pool Trustee and Liquidation Agency of the Estate of Old Canal Financial Corporation, ATTN: Stewart Williams, PO Box 1231, Lake Gregory, CA 92325-1231, Phone 909-338-9080** (itself the hereinafter "Seller") and **JM Partners LLC, ATTN: John J. Marshall / Managing Member, with a mailing address of 12201 Gayton Road, Suite 220, Richmond, VA 23238-8203** (hereinafter "Buyer").

**RECITALS**

A. Seller was a Creditor in **Bankruptcy Case # 05-85151 (Debtor: Farouk Ghanim Horani)** as was filed in the **United States Bankruptcy Court for the District of Nebraska** (hereinafter the "Bankruptcy Case"). In the capacity as creditor, Seller was entitled to that certain distribution of funds in the amount of **$ 4008.06** (hereinafter "Funds"), which remittance was attempted by the Trustee at the debtor's last known address. Such remittance was never negotiated, however, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such funds are subject to withdrawal as provided by 28 U.S.C. 2042.

B. Rather than attempting to collect the Funds - and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of the interest in such Funds - Seller desires to legally Sell and Assign the interest in such Funds, and Buyer desires to purchase and obtain such interest in Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest, Seller shall convey all rights, title and interest that Seller has in the Funds and the Claim which generated same, and Buyer shall purchase all rights, title and interest that Seller has in the Funds and such Claim as generated same.

NOW, THEREFORE, in consideration of the mutual covenants, representations, and warranties contained in this Agreement, the parties agree as follows:

**ARTICLE 1 – PURCHASE, ASSIGNMENT AND SALE OF ASSETS**

1.1 Assets to be assigned: Seller has sold to Buyer, and Buyer has purchased from Seller, any and all right, title, and interest of Seller in and to the following described Property: **THAT CERTAIN UNCLAIMED FUNDS** account in the amount of **$ 4008.06** as is held for the benefit of Seller, on the books and records known as the **Unclaimed Funds Registry of the Clerk of the Court, United States Bankruptcy Court for the District of Nebraska**, and as is evidenced by the attachments hereto, as well as the Claim which generated such funds.

1.2 Assignment of Interest: Acceptance of this Agreement constitutes full verification of the Sellers intent, desire and notice to assign – and Buyers intent, desire, and notice to accept such assignment – of the Assets identified in paragraph 1.1 above. Both parties agree to fulfill their obligations as defined herein, or otherwise required by law, to affect the proper legal transfer of ownership of such assets on the books and records of all entities holding an interest in same, and all rights, title, and interest in the Funds shall become the property of Buyer immediately upon payment of the purchase price and execution of this Agreement.

1.3 The Purchase: The purchase price shall be **$ 2004.03** which sum shall be remitted via Check and provided in exchange for a valid execution of this Agreement (or, at the Sellers Option, shall be remitted via wire transfer immediately upon receipt of the executed documents validating the transaction), and the providing of all documents required to prove both ownership and assignment.

1.4 To the extent necessary under applicable law (but only to such extent), Seller hereby irrevocably appoints Assignee or John J. Marshall as its true and lawful attorney-in-fact to act in Assignor's stead with respect to the asset(s) purchased herein, provided however that attorney shall bear all the costs of such actions.

**ARTICLE 2 – CLOSING**

2.1 Time and Place of Closing. The closing for the purchase and sale of the Property (the "Closing") shall be completed immediately upon execution of the required documents. At Closing, Seller shall deliver to Buyer the original of this Assignment along with such other documentation as is required. Buyer shall deliver the payment referenced in 1.3 above immediately upon receipt of all such documents. Buyer shall have no rights to the Funds unless and until such documents are properly executed, and the payment is provided in exchange for same.

2.2 Expenses of Closing. The expenses of Closing shall be paid as follows: (a) Except as otherwise expressly provided in this Agreement, all other fees and costs of Closing, including, but not limited to, legal fees, accounting fees, consulting fees, and other incidental expenses in connection with the transactions contemplated by this Agreement shall be borne by the party that incurs the expenses.

**ARTICLE 3 - REPRESENTATIONS AND WARRANTIES**

3.1 State of Title and AS IS Sale. Seller has not made, does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind or character, whether expressed or implied, oral or written, past, present or future, of, as to, concerning or with respect to the Funds, or the legal requirements that Buyer shall have to collect same.

3.2 Buyer's Representations and Warranties. Buyer makes the following representations and warranties to Seller, each of which is true and correct as of the date of this Agreement and shall be true and correct as of the Closing Date:
(a) Buyer is an individual experienced in these matters, and is qualified to transact the business detailed in this Agreement.
(b) Buyer has full legal power and authority to enter into and perform this Agreement, and this Agreement constitutes the valid and binding obligation of Buyer, enforceable in accordance with its terms. (c) The execution and delivery of this

Agreement does not conflict with, violate, or constitute a default under the terms, conditions, or provisions of any agreement or instrument to which Buyer is a party, or any law, judgment, or order of which Buyer is aware. (d) There is no action, proceeding, or claim pending, or, to Buyer's knowledge, threatened, against Buyer that would affect Buyer's ability to consummate the transactions contemplated by this Agreement. (e) Except for the required approval of the court, as previously defined herein, no consent, approval, or authorization of or declaration, filing, or registration with any governmental or regulatory authority is required in connection with the execution, delivery, and performance by Buyer of this Agreement or the consummation of the transactions contemplated by the Agreement.

3.3 Seller's Representations and Warranties. Seller makes the following representations and warranties to Buyer, each of which is true and correct as of the date of this Agreement, and will be true and correct as of the Closing Date: (a) Seller is the party defined in RECITALS (A) above, and shall provide proper proof of that fact. (b) Seller has not previously assigned, sold or pledged the Funds to any third party, in whole or in part.

3.4 Correctness of Representations. No representation or warranty of Buyer or Seller in this Agreement or any other information furnished by Buyer or Seller pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, and other information provided by Seller and Buyer shall be true and correct on and as of the Closing Date as though made on that date.

**ARTICLE 4 - COVENANTS**

4.1 Documentation to Effect Transfer. Buyer shall be responsible for and shall prepare, at his own expense, any and all legal documentation, and complete any process required in the bankruptcy court that may be subsequently required to effectuate the transfer of the Funds to Buyer – though Seller shall provide any and all cooperation, including the execution of any further documents that the court might require to complete the transfer, if not included in this Agreement and the attachments hereto.

**ARTICLE 5 - GENERAL PROVISIONS**

5.1 Successors and Assigns. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of the parties.

5.2 Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements, oral and written, between the parties hereto with respect to the subject matter of this Agreement.

5.3 Fees and Expenses. Unless otherwise specifically provided for in this Agreement, Seller and Buyer shall both pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated herein.

5.4 Notices. All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier (NOTE: If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission or mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery), (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission with an authenticated receipt therefore, as follows, or to such other address as a party may designate in writing:

IF TO SELLER:
**Sarsenstone Corporation**
**ATTN: Stewart Williams**
**PO Box 1231**
**Lake Gregory, CA 92325-1231**
**Phone 909-338-9080**

IF TO BUYER:
**JM Partners LLC**
**ATTN: John Marshall / Mng Mmber**
**12201 Gayton Road, Suite 220**
**Richmond, VA 23238-820**
**Phone 804-740-2972**

5.5 Headings. All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

5.6 Counterparts. This Agreement may not be executed in counterparts.

5.7 Severability. In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

**Seller:** ______________________
**Stewart Williams/Chairman**
**FOR: Sarsenstone Corporation**

**Buyer:** ______________________
**John J. Marshall/Mng Mmbr**
**FOR: JM Partners LLC**

# BILL OF SALE

| SELLER: | Sarsenstone Corporation<br>ATTN: Stewart Williams<br>PO Box 1231<br>Lake Gregory, CA 92325-1231<br>Phone 909-338-9080 |
|---|---|

In consideration of the sum of:

***Two Thousand Four Dollars & 03/100 ($2004.03)***

I, ***Stewart Williams, acting in my capacity of Chairman of Sarsenstone Corporation, itself the Master Pool Trustee and Liquidation Agency for the Estate of Old Canal Financial Corporation*** **(and hereinafter "Seller")**, hereby sell, convey, and transfer all rights, title and interest to the below referenced bankruptcy claim – as well as the Unclaimed Funds Account in the amount of ***$ 4008.06*** that was generated by same via Trustee's Deposit to the Unclaimed Funds Registry of the US Bankruptcy Court to: ***JM Partners LLC, (hereinafter referred to as BUYER), of 12201 Gayton Road, Suite 220, Richmond, VA 23238-8203 (MAIL: PO Box 29940, Richmond, VA 23242-0940).***

***CLAIM INFORMATION / ITEM(S) BEING SOLD:***

| Debtor: | Farouk Ghanim Horani | Case # | 05-85151 |
|---|---|---|---|
| Court: | US Bankruptcy Court for the District of Nebraska | Chapter: | 13 |

| Type | Amount | Filed By / Comments |
|---|---|---|
| Claim | $18,143.55 | O.C.F. aka Old Canal Financial |

*Signature* – ***Stewart Williams/Chairman***

***Subscribed and Sworn before me***
***this*** 3rd ***day of*** May ***, 2011***

***Notary Public:*** [signature], notary

***My Commission Expires:*** Oct. 27, 2012

ELIZABETH OLIVERIO
COMM. #1820044
Notary Public-California
ORANGE COUNTY
My Comm. Expires Oct. 27, 2012

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEBRASKA

In re: **FAROUK GHANIM HORANI** Case # **05-85151**

Debtor Chapter **13**

## AFFIDAVIT

I, **Stewart Williams, acting in my capacity as Chairman of Sarsenstone Corporation, itself the Master Pool Trustee and Liquidation Agency for Old Canal Financial Corporation (and hereinafter "Creditor" or "Seller" or "Assignor")**, are the legal representative of Old Canal Financial Corporation with respect to this matter, and thus are owed the funds due in this case – and for purposes of this Affidavit, the creditor entitled to the unclaimed funds that are now on the Registry of Unclaimed Funds - and declare as follows:

1) Creditor has been made aware of the fact that it is due certain funds in the amount of **$ 4008.06** which the Trustee attempted to send to Creditor at the last known address, and as is referenced in the case. The address changed subsequent to the claim filing, and the Trustee in the Old Canal Financial Corporation case apparently neglected to update the Court or Trustee, leading to the unclaimed funds. Evidence of my identification, authority and appropriate case/claim linkage is included herewith.

2) Creditor has not previously sold or assigned this account, nor the rights to the account to any other party, and is still the owner of the account, is entitled to payment, and is selling all such rights and entitlement solely to **JM Partners LLC.** Creditor has no pending application for the release of the funds due, nor contracted with any party for the recovery of such funds. Therefore, Creditor has knowingly and consciously decided to sell and assign any and all interest in such funds to **JM Partners LLC**, as evidenced by both the attached Bill of Sale, and the attached Purchase and Assignment Agreement. We hereby grant all interest in such funds to **JM Partners LLC,** and agree to provide any further court required supporting evidence, or execute any other required forms that confirm this fact and/or are necessary for the full transfer of such interest, or the ultimate collection of the funds by the purchaser.

I hereby certify that the foregoing statements are true and correct to the best of my knowledge and belief.

*Stewart Williams / Chairman*
*Sarsenstone Corporation*

Sworn & Subscribed to before me on this 3rd day of May, 2011

Elizabeth Oliverio, notary
NOTARY PUBLIC

State of CA County of Orange

My Commission Expires on: Oct. 27, 2012

*STAMP / SEAL*

ELIZABETH OLIVERIO
COMM. #1820044
Notary Public-California
ORANGE COUNTY
My Comm. Expires Oct. 27, 2012



ID of Mr. Williams, the authorized rep for Sarenstone, the Assignor in this matter

Redaction of SS #s

Evidence of Debtor's acct from Sarsenstone's system

Evidence from Seller/Assignor of accts acquired by OCF from Advanta (this is page 19 of 123, the rest are deleted for simplicity)